**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                      No. 4:11CR00071 JLH

RICHARD C. MATHEWS                                                         DEFENDANT

## ORDER

Richard Mathews was convicted of five counts of subscribing to false tax returns in violation of 26 U.S.C. § 7206(1) and one count of endeavoring to obstruct the administration of Internal Revenue laws in violation of 26 U.S.C. § 7212(a). He was sentenced to 27 months imprisonment with no term of supervised release to follow. He has now filed a motion for release pending appeal.

The statute provides that a judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment and who has filed an appeal be detained unless the judicial officer finds (a) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community; and (b) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b). In his motion, Mathews asserts that the substantial question of law or fact required by the statute is the sufficiency of the evidence to support his criminal intent to commit tax fraud and whether the elements of obstruction of government operations were proven at trial.

The Eighth Circuit has interpreted 28 U.S.C. § 3143(b) as follows:

> We hold that a defendant who wishes to be released on bail after the imposition of a sentence including a term of imprisonment must first show that the question presented

by the appeal is substantial, in the sense that it is a close question or one that could go either way. It is not sufficient to show simply that reasonable judges could differ (presumably every judge who writes a dissenting opinion is still "reasonable") or that the issue is fairly debatable or not frivolous. On the other hand, the defendant does not have to show that it is likely or probable that he or she will prevail on the issue on appeal. If this part of the test is satisfied, the defendant must then show that the substantial question he or she seeks to present is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor. In deciding whether this part of the burden has been satisfied, the court or judge to whom application for bail is made must assume that the substantial question presented will go the other way on appeal and then assess the impact of such assumed error on the conviction. This standard will, we think, carry out the manifest purpose of Congress to reduce substantially the numbers of convicted persons released on bail pending appeal, without eliminating such release entirely or limiting it to a negligible number of appellants.

*United States v. Powell*, 761 F.2d 1227, 1233-34 (8th Cir. 1985). *See also United States v. Marshall*, 78 F.3d 365, 366 (8th Cir. 1996).

The issues that Mathews intends to present are not substantial questions of law or fact likely to result in a reversal or a new trial, that is, they are not close questions that could go either way. The evidence established conclusively that Mathews received income during the years in question that he failed to report to the Internal Revenue Service and that he lied to the investigators during the course of the investigation in an effort to obstruct administration of the Internal Revenue laws. All of the elements were proven beyond a reasonable doubt. There is no substantial issue regarding whether all of the elements of the crimes charged were proven. Consequently, Mathews' motion for release pending appeal is DENIED. Document #89.

IT IS SO ORDERED this 20th day of December, 2013.

                                                  J. LEON HOLMES
                                                  UNITED STATES DISTRICT JUDGE